```
1  WILLIAM G. MALCOLM #129271
   CHRISTINA J. KHIL #266845
2  MALCOLM ♦ CISNEROS
   A Law Corporation
3  2112 Business Center Drive, Second Floor
   Irvine, California 92612
4  Telephone:    (949) 252-9400
5  Telecopier:   (949) 252-1032
```

Proposed Counsel for Arturo Cisneros, Chapter 7 Trustee of the Estate of Lucio Escoto

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>LUCIO ESCOTO,<br><br>Debtor.<br><br>———————————————<br><br>ARTURO CISNEROS, Chapter 7 Trustee of the Estate of Lucio Escoto,<br><br>Plaintiff,<br><br>vs.<br><br>JORGE RAMIRO GARCIA, an individual, LAURA OFELIA GARCIA, an individual,<br><br>Defendants. | Case No. 6:19-bk-17282-SY<br><br>Chapter 7<br><br>Adv. No. _____<br><br>*Hon. Scott H. Yun*<br><br>**ADVERSARY COMPLAINT TO AVOID FRAUDULENT TRANSFER (11 U.S.C. § 544(b)(1), CAL. CIV. CODE § 3439 ET SEQ.)** |

Plaintiff ARTURO CISNEROS ("Plaintiff" or "Trustee"), Chapter 7 Trustee of the Estate of Lucio Escoto alleges:

### JURISDICTION AND VENUE

1. This is an adversary proceeding to recover money or property pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. sections 157(b)(1) and 1334(b).

3.    This is a core proceeding in which this Court may enter a final judgment pursuant to 28 U.S.C. section 157(b)(2)(H). This proceeding arises under 11 U.S.C. sections 544, 550 and 551.

4.    This adversary proceeding is also related to the above Chapter 7 bankruptcy case, because it concerns property of the Chapter 7 bankruptcy estate pursuant to 11 U.S.C. section 541.

5.    Venue is proper in this Court pursuant to 28 U.S.C. section 1409(a), as this adversary proceeding arises under Title 11 of the United States Code.

## PARTIES

6.    Defendant JORGE RAMIRO GARCIA is an individual who, on information and belief, resides in this judicial district.

7.    Defendant LAURA OFELIA GARCIA is an individual who, on information and belief, resides in this judicial district.

## GENERAL ALLEGATIONS

8.    On August 19, 2019 ("Petition Date"), Lucio Escoto ("Debtor"/"Escoto") filed a voluntary Chapter 7 bankruptcy petition ("Petition").

9.    Plaintiff is the duly appointed, qualified, and acting Chapter 7 trustee of Debtor's bankruptcy estate ("Estate").

10.    Prior to the Petition Date, Debtor was a co-owner and joint tenant of the real property located at 4857 Elton Street, Baldwin Park, California 91706 ("Property"). On or about March 24, 1994, Phillip J. Frilot and Donna R. Frilot transferred title to the Property to Sergio Garcia, Escoto and Rafael Martinez as joint tenants by executing a grant deed ("1994 Grant Deed"). A copy of the 1994 Grant Deed is attached hereto as Exhibit "A."

11.    On or about March 30, 2017, however, Sergio Garcia, Escoto and Rafael Martinez transferred title to the Property to Defendants as joint tenants ("Transfer") by executing a grant deed ("2017 Grant Deed"). A copy of the 2017 Grant Deed is attached hereto as Exhibit "B."

///

12. Defendants apparently never recorded the 2017 Grant Deed in the Official Records of the Los Angeles County Recorder's Office.

13. The Debtor did not disclose the Transfer in the schedules or Statement of Financial Affairs that he filed with the Petition.

14. According to the information he provided in the schedules that he filed with his Petition, the Property was substantially all Escoto's assets.

15. According to the information he provided in the schedules that he filed with his Petition, Escoto was insolvent or became insolvent shortly after the Transfer was made, and the Transfer occurred shortly before or shortly after substantial debts were incurred.

16. Although the 2017 Grant Deed states that the Transfer was "for a valuable consideration," on information and belief, Escoto received no money in exchange for the Transfer.

17. On information and belief, Escoto is related to Defendants.

## FIRST CAUSE OF ACTION

### (to Avoid Fraudulent Transfer)

### (11 U.S.C. § 544(b)(1), Cal. Civ. Code § 3439 et seq.)

### (Against all Defendants)

18. Plaintiff adopts, incorporates by reference, and realleges each of the allegations contained in paragraph 1 through 17 of this Complaint as if they were fully set forth herein.

19. 11 U.S.C. section 544(b)(1) provides, in relevant part: "[T]he trustee may avoid any transfer of an interest of the debtor in property . . . that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title."

20. The Uniform Voidable Transactions Act ("UVTA"), CAL. CIV. CODE § 3439 et seq., provides that an unsecured creditor may avoid a transfer that is actually or constructively fraudulent.

21. Civil Code section 3439.04(a)(1) defines an actual fraudulent transfer: "A transfer made or obligation incurred by a debtor is voidable as to a creditor . . . if the debtor

made the transfer . . . With actual intent to hinder, delay, or defraud any creditor of the debtor." Subsection (b) provides a list of 'badges of fraud' that indicate fraudulent intent.

22.   The Transfer was actually fraudulent because most, if not all, of the 'badges of fraud' are present.

23.   Civil Code section 3439.05 defines a constructively fraudulent transfer: "A transfer made or obligation incurred by a debtor is voidable as to a creditor . . . if the debtor made the transfer . . . without receiving a reasonably equivalent value in exchange for the transfer . . . and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation."

24.   The Transfer was constructively fraudulent, because Escoto did not receive a reasonably equivalent value in exchange for the Transfer, and he was insolvent or became insolvent shortly after the Transfer was made.

25.   Therefore, Plaintiff may avoid the Transfer pursuant to 11 U.S.C. section 544(b)(1) and California Civil Code section 3439 et seq.

26.   11 U.S.C. section 550(a)(1) provides, in relevant part: "Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544 . . . of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from . . . the initial transferee of such transfer or the entity for whose benefit such transfer was made."

27.   Therefore, Plaintiff may recover Escoto's interest in the Property, or the value of such interest, from Defendants as the transferees of the Transfer and the entities for whose benefit the Transfer was made.

28.   11 U.S.C. section 551 provides, in relevant part: "Any transfer avoided under section . . . 544 . . . of this title . . . is preserved for the benefit of the estate but only with respect to property of the estate."

29.   Because the Transfer may be avoided pursuant to 11 U.S.C. section 544(b)(1), the avoided interest should be recovered and preserved for the benefit of the Estate pursuant to 11 U.S.C. sections 550(a)(1) and 551.

# **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

1. For avoidance of the Transfer pursuant to 11 U.S.C. section 544(b)(1) and California Civil Code section 3439 et seq., and to recover and preserve the avoided interest for the benefit of the Estate pursuant to 11 U.S.C. sections 550(a)(1) and 551; and

2. For such additional relief as the Court may deem just and proper.

Dated: February 13, 2020

                        MALCOLM ♦ CISNEROS, a Law Corporation

                        By: */s/ Christina J. Khil*
                              CHRISTINA J. KHIL
                              Proposed Attorney for Arturo Cisneros, Chapter 7 Trustee of the Estate of Lucio Escoto